IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY - 2 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-00836-BNB

CHARLES LEE KETTERING #104451,
Bent County Correctional Facility, 11560 Road FF75, Las Animas, CO 81054

    Applicant,

v.

BENT COUNTY CORRECTIONAL FACILITY, 11560 Road FF75, Las Animas,
    CO 81054, and
WARDEN JIM KIETH,

    Respondents.

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

    Applicant, Charles Lee Kettering, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Bent County Correctional Facility in Las Animas, Colorado. Mr. Kettering has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994). As relief he asserts that "I want my record restored to it [sic] original with no riteups [sic] and good time given back and the 107 day [sic] add to the time comp of original plea or $1,000.00 a day for ever [sic] day +/- spend in prison over the original sentence." Application at 5.

    The Court must construe the application liberally because Mr. Kettering is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the

*pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Kettering will be ordered to file an amended application.

The Court has reviewed the application and finds that the application is deficient. Mr. Kettering's application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. **See** Fed. R. Civ. P. 81(a)(2); **Browder v. Director, Dep't of Corrections**, 434 U.S. 257, 269 (1978); **Ewing v. Rodgers**, 826 F.2d 967, 969-70 (10th Cir. 1987).

Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Kettering's application is prolix and confusing. He appears to be asserting claims pursuant to 28 U.S.C. § 2254 (2006) because he is challenging the validity of his conviction and sentence, and pursuant to 28 U.S.C. § 2241 because he is challenging the execution of that conviction and sentence. **See Montez v. McKinna**, 208 F.3d 862, 865 (10th Cir. 2000). He also appears to be asserting claims pursuant to 42 U.S.C.

§ 1983 (2006) because he is challenging the conditions of his confinement. Generally, a prisoner's challenge to his conditions of confinement is cognizable in a civil rights action. **See, e.g., Richards v. Bellmon**, 941 F.2d 1015, 1018 (10th Cir. 1991).

To the extent Mr. Kettering asserts claims challenging the validity of his conviction and sentence, he must do so in a separate habeas corpus action pursuant to 28 U.S.C. § 2254. To the extent he is challenging the execution of his sentence, he may do so in the instant habeas corpus action pursuant to 28 U.S.C. § 2241. To the extent he is challenging the conditions of his confinement, he must do so in a separate 42 U.S.C. § 1983 action. He may not raise civil rights claims for money damages in the instant habeas corpus action.

Mr. Kettering must exhaust state remedies before he raises his habeas corpus claims in federal court. **See Montez**, 208 F.3d at 865. The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state's highest court. **See Castille v. Peoples**, 489 U.S. 346, 350-51 (1989). Although Mr. Kettering has failed to comply with Fed. R. Civ. P. 8, he will be given an opportunity to file the appropriate claims on an amended 28 U.S.C. § 2241 application, to clarify his claims, and to clarify the steps he has taken to exhaust his state-court remedies. Accordingly, it is

ORDERED that Mr. Kettering file **within thirty (30) days from the date of this order** an amended application that complies with this order. It is

FURTHER ORDERED that the amended application shall be titled "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado,

Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Kettering, together with a copy of this order, two copies of the Court-approved form for use in filing the amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that if Mr. Kettering fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without further notice.

DATED May 2, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.   07-cv-00836-BNB

Charles Lee Kettering
Prisoner No. 104451
Bent County Correctional Facility
11560 Road FF.75
Las Animas, CO 81054-9573


    I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** to the above-named individuals on 5/2/07

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk