IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00836-BNB

CHARLES LEE KETTERING #104451,
C.T.C.F., P.O. Box 1010, Cañon City, CO 81215

      Applicant,

v.

BENT COUNTY WARDEN JIM KIETH,

      Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN ~ 7 2007

GREGORY C. LANGHAM
CLERK

---

## ORDER FOR FINAL AMENDED PLEADING

---

Applicant, Charles Lee Kettering, is a prisoner in the custody of the Colorado Department of Corrections who was incarcerated at the Bent County Correctional Facility in Las Animas, Colorado, when he initiated the instant action. He since has informed the Court that he has been transferred to the Colorado Territorial Correctional Facility in Cañon City, Colorado. Mr. Kettering filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994). As relief he asserted that "I want my record restored to it [sic] original with no riteups [sic] and good time given back and the 107 day [sic] add [sic] to the time comp of original plea or $1,000.00 a day for ever [sic] day +/- spend in prison over the original sentence." Application at 5.

On May 2, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Kettering to submit within thirty days an amended application that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and that asserted claims

appropriate for a 28 U.S.C. § 2241 action.  In the May 2 order, Magistrate Judge Boland

pointed out that Mr. Kettering appeared to be asserting claims pursuant to 28 U.S.C.

§ 2254 (2006) challenging the validity of his conviction and sentence, pursuant to

§ 2241 challenging the execution of that conviction and sentence, and pursuant to 42

U.S.C. § 1983 (2006) challenging the conditions of his confinement.  On May 31, 2007,

Mr. Kettering submitted an amended application.  As relief he requests "the maximum

amount I found out is $1,500.00 so I will raise it to this amount for each day I have to

stay over the original sentence [sic].  4 sets of cases = 80 days of earned good time.

Also all cases exponged [sic] from applicants [sic] records.  To restore my record of no

writeups."  Amended application at 5.

The Court must construe the amended application liberally because Mr.

Kettering is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not

be the *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, Mr. Kettering will be ordered to submit a final amended pleading.

The Court has reviewed the amended application and finds that Mr. Kettering

now is asserting civil rights claims pursuant to 42 U.S.C. § 1983 because he is

challenging the conditions of his confinement.  Generally, a prisoner's challenge to his

conditions of confinement is cognizable in a civil rights action.  *See, e.g., Richards v.*

*Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991).  He is challenging his convictions on

disciplinary charges for advocating or creating facility disruption, disobeying a lawful

order, verbal abuse, and threats.  He also appears to be challenging the charges

brought against him for assault but he fails to submit a disposition of charges showing

2

that he was convicted on the assault charge.  He contends that he did not receive due process at his disciplinary hearings.  He seeks money damages as relief, as well as the expungement of the disciplinary convictions from his prison record.  He does not appear to have lost good- or earned-time credits as a sanction as a result of any of his disciplinary convictions.

Mr. Kettering will be ordered to submit his final amended pleading on the proper form for filing a civil rights complaint.  The Court will not provide Mr. Kettering with any more opportunities to cure the deficiencies in this action.  He is reminded of the directive in the May 2, 2007, order that he may not mix habeas corpus claims and civil rights claims in a civil rights action.  He also is reminded that the final amended pleading must comply with Rule 8 of the Federal Rules of Civil Procedure as discussed in the May 2 order.

Mr. Kettering must name each defendant he intends to sue in the caption to the amended complaint, he must allege exactly what each defendant did to violate his constitutional rights, and he must allege which constitutional rights were violated.  Personal participation by the named defendants is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Mr. Kettering must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant 's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable merely because of his or her

3

supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Kettering may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Kettering uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

Because the Court has construed the action as filed pursuant to 42 U.S.C. § 1983, the April 24, 2007, order granting Mr. Kettering leave to proceed pursuant to 28 U.S.C. § 1915 in a habeas corpus action will be vacated. Nonetheless, Mr. Kettering's trust fund account statement indicates that there are insufficient funds in his inmate account to pay an initial partial filing fee, as required in a civil rights action, and that he has no other available assets. Mr. Kettering, therefore, may proceed in this action without payment of an initial partial filing fee. However, although he need not pay an initial partial filing fee, he remains obligated to pay the required $350.00 filing fee through monthly installments as directed below. Accordingly, it is

ORDERED that this action is construed as a civil rights action filed pursuant to 42 U.S.C. § 1983, as opposed to a habeas corpus action filed pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that the clerk of the Court shall change the docket in the instant filing to reflect the proper nature of the action. It is

FURTHER ORDERED that Mr. Kettering file **within thirty (30) days from the date of this order** a final amended pleading that complies with this order. It is

4

FURTHER ORDERED that the final amended pleading shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Kettering two copies of the Court-approved Prisoner Complaint form for use in submitting the final amended pleading. It is

FURTHER ORDERED that the Court will not review the merits of Mr. Kettering's claims until he has complied with this order. It is

FURTHER ORDERED that if Mr. Kettering fails to comply with this order **within thirty (30) days from the date of this order**, the action will be dismissed without prejudice and without further notice. It is

FURTHER ORDERED that to the extent the Court's April 24, 2007, order grants Mr. Kettering leave to proceed pursuant to 28 U.S.C. § 1915 in a habeas corpus action, the order is vacated. It is

FURTHER ORDERED that Mr. Kettering may proceed in this action without payment of an initial partial filing fee. He remains obligated to pay the full amount of the required $350.00 filing fee pursuant to 28 U.S.C. § 1915(b)(1) regardless of the outcome of this action. It is

FURTHER ORDERED that, until the $350.00 filing fee is paid in full, Mr. Kettering shall make monthly payments to the Court of twenty percent of the preceding month's income credited to his account or show cause why there is no assets and no means by which to make each monthly payment. Mr. Kettering is directed to make the

necessary arrangements to have the monthly payments identified by the civil action number on this order. In order to show cause, Mr. Kettering must file a current certified copy of a trust fund account statement. It is

FURTHER ORDERED that if Mr. Kettering fails to have the appropriate monthly payment sent to the clerk of the Court each month or to show cause each month as directed above why there is no assets and no means by which to make the monthly payment, the complaint may be dismissed without prejudice and without further notice. It is

FURTHER ORDERED that process shall not issue until further order of the Court. It is

**FURTHER ORDERED that the Court may dismiss this action and may apply all or part of the filing fee payments tendered in this action to satisfy any filing fee debt Mr. Kettering may owe in a prior action or actions if he fails to stay current with payment obligations in the prior action or actions.**

DATED June 7, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No.    07-cv-00836-BNB

Charles Lee Kettering
Prisoner No. 104451
CTCF
PO Box 1010
Cañon City, CO 81215- 1010

     I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on _6/7/07_

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk